# United States District Court
Southern District Of Florida
Miami Division

Case No. 99-2862

CIV-SEITZ

MAGISTRATE JUDGE GARBER

ACCESS NOW, INC., a Florida not-for-profit corporation, and EDWARD S. RESNICK, an individual,

Plaintiffs,

vs.

THE COMRAS COMPANY OF FLORIDA, INC., a Florida corporation, and SIMON PROPERTY GROUP, INC., a Delaware corporation,

Defendants.



## COMPLAINT

Plaintiffs, ACCESS NOW, INC. a Florida not-for-profit corporation, and EDWARD S. RESNICK sue the Defendants, THE COMRAS COMPANY OF FLORIDA, INC., a Florida corporation, and SIMON PROPERTY GROUP, INC., a Delaware corporation,, and allege:

### Jurisdiction and Venue

1. This action is brought by the Plaintiffs to enforce Titles II and III of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq.*

2. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and Rule 3.1, Local Rules of the United States District Court for the Southern District of Florida.

4. The Shops at Sunset Place ("Sunset Place"), a public accommodation located at 5701 Sunset Drive in South Miami, Florida, is operating in violation of the ADA. Sunset Place is a multi-building facility.



**Parties**

5. Plaintiff, ACCESS NOW, INC. ("ACCESS NOW"), is a Florida not-for-profit corporation that has its principal place of business in Miami-Dade County, Florida. ACCESS NOW is engaged, *inter alia*, in seeking compliance with the accessibility regulations, educational efforts to correct violations, when found, and when necessary and appropriate, litigation to require persons and entities in violation of accessibility regulations to comply with the act. One of Access Now's purposes is to assure that businesses are accessible to, and usable by, all persons, including those persons with disabilities. ACCESS NOW's organizational purpose is adversely affected by Defendants' failure to comply with accessibility regulations. ACCESS NOW and its members suffer direct and indirect injury as a result of the defendant's actions or inactions as described herein, and each member would have standing to maintain this action on his or her own. Thus, ACCESS NOW suffers direct and concrete injury as a result of Defendants' discriminatory actions.

6. Plaintiff EDWARD S. RESNICK ("Resnick"), is a resident of the City of Miami-Beach, Miami-Dade County, Florida, and is a qualified individual with disabilities under the ADA. Plaintiff Resnick was subject to discrimination, as defined in 42 U.S.C. § 12182 and 42 U.S.C. § 12132, by the Defendants on or about September 23, 1999, when he attempted to access the accommodations at Sunset Place. Plaintiff Resnick is likely to be subjected to continuing discrimination by the Defendants in the future.

7. Defendant THE COMRAS COMPANY OF FLORIDA, INC. ("Comras"), is a Florida corporation, with its principal place of business in Miami-Dade County, Florida.

8. Defendant SIMON PROPERTY GROUP, INC. ("Simon"), is a Delaware corporation, with its principal place of business in New York, New York.

9. All events giving rise to this lawsuit occurred in Miami-Dade County, Florida.

10. On or about July 26, 1990, Congress enacted the ADA, which is codified at 42 U.S.C. § 12101, *et seq.* The ADA mandated all governmental entities and commercial businesses

to implement its requirements by January 26, 1992, the effective date of Titles II and III of the ADA. 42 U.S.C. § 12131; 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

**Violation Of The ADA**

11. Defendants Simon and Comras have discriminated against Plaintiffs Resnick and ACCESS NOW and its constituent members, and continues to discriminate against them and others who are similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the facilities at Sunset Place, as prohibited by 42 U.S.C. § 12131 *et seq.*; 42 U.S.C. § 12182 *et seq.*, by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv), by failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible as required by 42 U.S.C. § 12183(a)(2), and by failing to design and construct facilities that are readily accessible to and usable by individuals with disabilities as required by 42 U.S.C. § 12183(a)(1).

12. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. Those regulations are codified at 28 C.F.R. Part 36.

13. Sunset Place is a "public accommodation," as it is a shopping center as defined in 42 U.S.C. § 12181(7)(E). As such, it is required to comply with the mandates of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. Part 36.

14. Defendants Simon and Comras, as owners, lessors, lessees, and/or operators of Sunset Place, are in violation of 42 U.S.C. § 12131 *et seq.*, 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.304, and are discriminating against the Plaintiffs, *inter alia*, by failing to:

(a) provide a properly configured ramps from the parking garage to accessible entrances into Sunset Place;

(b) disperse the accessible parking throughout the parking garage located at Sunset Place;

(c) provide properly configured access aisles in the parking garage;

(d) provide properly configured signage at non-assessable entrances;

(e) provide properly configured signage where there are inaccessible routes indicating the location of accessible interior routes, toilet rooms and facilities;

(f) provide adequate directional and informational signage throughout Sunset Place;

(g) provide disabled access, including an accessible route of travel, to the stage at the concert areas at the Grotto Stage, the Fountain Plaza Stage, and the Balcony Stage;

(h) provide curb ramps on the roadways throughout the complex to permit movement across Sunset Place;

(i) provide curb ramps so that they will not be blocked by parked cars;

(j) provide text telephones;

(k) modify restrooms for accessibility, including, failing to:

(i) install appropriate configured grab bars in toilet stalls;

(ii) install toilet paper dispenser directly below the grab bar; and

(iii) install self closing doors on handicap accessible stalls with proper latch side clearance;

(iv) insulate hot water supply lines on the lavatory sinks and the lavatory drain;

(v) provide baby changing stations within the proper reach ranges and with proper knee clearances;

(vi) provide toilet seat cover dispensers within the proper reach ranges;

(vii) provide a button for flushing the toilet of the proper size;

15. Other violations of the ADA are believed to exist at Sunset Place, which may be identified at the time that a full inspection is made. The barriers described above deny persons with disabilities equal access to Sunset Place. The Plaintiffs have otherwise been discriminated against by Simon and Comras because of the ADA violations set forth *supra.*

16. Plaintiffs have been obligated to retain the undersigned counsel for the filing and prosecution of this action, and have agreed to pay their counsel reasonable attorney fees, including costs and expenses incurred in this action. Plaintiffs are entitled to recover those attorney fees,

expert fees, costs and expenses incurred in this case from the Defendants, pursuant to 42 U.S.C. § 12205.

17. This Court is vested with the authority to grant Plaintiffs injunctive relief including an order to alter the subject facilities to make them readily accessible to, and usable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the required modifications are completed.

**WHEREFORE**, Plaintiffs demand judgment against Simon and Comras and request:

A. Accept jurisdiction of this case and declare that policies, procedures and services at Sunset Place are discriminatory and are not in compliance with the ADA;

B. Enter an Injunction requiring Simon and Comras to alter the facilities at Sunset Place expeditiously and make them accessible to and usable by individuals with disabilities by making all reasonable and appropriate modifications in their policies practices and procedures, provide effective signage, remove all architectural and communication barriers, and provide alternative means of access to the extent required by the ADA;

C. Enter as part of that Injunction a provision directing Simon and Comras to neutralize their policies, practices, and procedures toward persons with disabilities for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures;

D. Enter an Order awarding reasonable attorney fees, expert fees, costs, and expenses to the Plaintiffs; and,

E. Enter an Order awarding such other and further relief as the Court deems necessary, just and proper;

F. Retain jurisdiction of this case until Defendants have fully complied with the orders of this Court.

STEPHEN M. CODY, ESQ.
Attorneys for the Plaintiffs
16610 SW 82nd Court
Miami, Florida 33157-3604
Tel. (305) 233-8073
Fax. (305) 251-6874

Florida Bar No. 334685

JS-44
(Rev. 12/96)

99-2862

# CIVIL COVER SHEET

CIV-SEITZ

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of this court. This form, approved by the Judicial Conference of the United States in September 1974 is required for the use by the Clerk of Court the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE SIDE OF THE FORM.)

**I.(a) PLAINTIFFS**

Access Now, Inc. and Edward S. Resnick

**DEFENDANTS**

The Comras Company Of Florida, Inc. and Simon Property Group, Inc.

MAGISTRATE JUDGE GARBER

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

A-dade | 99cv 2862 | Seitz | Garber

(c) ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)
Stephen M. Cody, 16610 SW 82ND CT, MIAMI, FL 33157-3604, (305) 233-8073

ATTORNEYS (IF KNOWN)

99 OCT 25 PM 1:33

(d) CIRCLE OF COUNTY WHERE ACTION AROSE: DADE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPLE PARTIES** (For Diversity Cases Only) (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place Of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated or Principal Place Of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instruments
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Products Liability
- ☐ 290 All Other Real Property

**A TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Medical Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- B ☐ 510 Motions to Vacate Sentence

HABEUS CORPUS
- B ☐ 530 General
- A ☐ 535 Death Penalty
- B ☐ 540 Mandamus & Other
- B ☐ 550 Civil Rights
- B ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- B ☐ 610 Agriculture
- B ☐ 620 Other Food & Drug
- B ☐ 625 Drug Related Seizure of Property 21 USC 881
- B ☐ 630 Liquor Laws
- B ☐ 640 R.R. & Truck
- B ☐ 650 Airline Regs.
- B ☐ 660 Occupational Safety/Health
- B ☐ 690 Other

**A LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt Relations
- ☐ 730 Labor/Mgmt Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- A ☐ 871 Taxes (U.S. Plaintiff or Defendant)
- A ☐ 871 IRS – Third Party 26 USC 7609

**A OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks & Banking
- B ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organization
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions A or B

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Defendant operates a business which contains architectural barriers to access by persons with disabilities in violation of the Americans with Disabilities Act.

LENGTH OF TRIAL
via 2 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P 23 **Demand $** CHECK YES only if demanded in complaint: JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE DOCKET NUMBER

DATE SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 811038 AMOUNT 150.00 APPLYING IFP JUDGE MAG. JUDGE

10/25/99