# United States District Court
Southern District Of Florida
Miami Division

Case No. 99-2862-CIV-SEITZ

ACCESS NOW, INC., a Florida not-for-profit corporation, and EDWARD S. RESNICK, an individual,

    Plaintiffs,

vs.

THE COMRAS COMPANY OF FLORIDA, INC., a Florida corporation, SIMON PROPERTY GROUP, INC., a Delaware corporation, and BAKERY ASSOCIATES, LTD., a Florida limited partnership,

    Defendants.

```
FILED by _____ D.C.
DKTG
MAR 2 1 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI
```

## AMENDED COMPLAINT

Plaintiffs, ACCESS NOW, INC. a Florida not-for-profit corporation, and EDWARD S. RESNICK sue the Defendants, THE COMRAS COMPANY OF FLORIDA, INC., a Florida corporation, SIMON PROPERTY GROUP, INC., a Delaware corporation, and BAKERY ASSOCIATES, LTD., a Florida limited partnership, and allege:

### Jurisdiction and Venue

1. This action is brought by the Plaintiffs to enforce Title III of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq.*

2. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and Rule 3.1, Local Rules of the United States District Court for the Southern District of Florida.

4. The Shops at Sunset Place ("Sunset Place"), a public accommodation located at 5701 Sunset Drive in South Miami, Florida, is operating in violation of the ADA. Sunset Place is a multi-building facility.

*Access Now, Inc., et al. v.*
*Comras Co. of Florida, et al.*

### Parties

5. Plaintiff, ACCESS NOW, INC. ("ACCESS NOW"), is a Florida not-for-profit corporation that has its principal place of business in Miami-Dade County, Florida. ACCESS NOW is engaged, *inter alia*, in seeking compliance with the accessibility regulations, educational efforts to correct violations, when found, and when necessary and appropriate, litigation to require persons and entities in violation of accessibility regulations to comply with the act. One of Access Now's purposes is to assure that businesses are accessible to, and usable by, all persons, including those persons with disabilities. ACCESS NOW's organizational purpose is adversely affected by Defendants' failure to comply with accessibility regulations. ACCESS NOW and its members suffer direct and indirect injury as a result of the defendant's actions or inactions as described herein, and each member would have standing to maintain this action on his or her own. Thus, ACCESS NOW suffers direct and concrete injury as a result of Defendants' discriminatory actions.

6. Plaintiff EDWARD S. RESNICK ("Resnick"), is a resident of the City of Miami-Beach, Miami-Dade County, Florida, and is a qualified individual with disabilities under the ADA. Plaintiff Resnick was subject to discrimination, as defined in 42 U.S.C. § 12182 and 42 U.S.C. § 12132, by the Defendants on or about September 23, 1999, when he attempted to access the accommodations at Sunset Place. Plaintiff Resnick is likely to be subjected to continuing discrimination by the Defendants in the future.

7. Defendant THE COMRAS COMPANY OF FLORIDA, INC. ("Comras"), is a Florida corporation, with its principal place of business in Miami-Dade County, Florida.

8. Defendant SIMON PROPERTY GROUP, INC. ("Simon"), is a Delaware corporation, with its principal place of business in New York, New York.

9. Defendant BAKERY ASSOCIATES, LTD. ("Bakery"), is a Florida limited partnership, with its principal place of business in Indianapolis, Indiana.

10. All events giving rise to this lawsuit occurred in Miami-Dade County, Florida.

*Access Now, Inc., et al. v.*
*Comras Co. of Florida, et al.*

11. On or about July 26, 1990, Congress enacted the ADA, which is codified at 42 U.S.C. § 12101, *et seq*. The ADA mandated all commercial businesses to implement its requirements by January 26, 1992, the effective date of Title III of the ADA. 42 U.S.C. § 12131; 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

12. Sunset Place was constructed after January 26, 1992.

### Violation Of The ADA

13. Defendants Simon, Comras, and Bakery are the owners, lessors, lessees, and/or operators of the Shops of Sunset Place.

14. Defendants Simon, Comras, and Bakery and have discriminated against Plaintiffs Resnick and ACCESS NOW and its constituent members, and continues to discriminate against them and others who are similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the facilities at Sunset Place, as prohibited by 42 U.S.C. § 12131 *et seq.*; 42 U.S.C. § 12182 *et seq.*, by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv), by failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible as required by 42 U.S.C. § 12183(a)(2), and by failing to design and construct facilities that are readily accessible to and usable by individuals with disabilities as required by 42 U.S.C. § 12183(a)(1).

15. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. Those regulations are codified at 28 C.F.R. Part 36.

16. Sunset Place is a "public accommodation," as it is a shopping center as defined in 42 U.S.C. § 12181(7)(E). As such, it is required to comply with the mandates of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. Part 36.

17. Defendants Simon, Comras, and Bakery, as owners, lessors, lessees, and/or operators of Sunset Place, are in violation of 42 U.S.C. § 12131 *et seq.*, 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.304, and are discriminating against the Plaintiffs, *inter alia*, by failing to:

*Access Now, Inc., et al. v.*
*Comras Co. of Florida, et al.*

(a) provide a properly configured ramps from the parking garage to accessible entrances into Sunset Place;

(b) disperse the accessible parking throughout the parking garage located at Sunset Place;

(c) provide accessible paths of travel throughout the parking garage;

(d) provide appropriately configured accessible parking spaces;

(e) provide properly configured access aisles in the parking garage;

(f) provide properly configured signage at non-assessable entrances;

(g) provide properly configured signage where there are inaccessible routes indicating the location of accessible interior routes, toilet rooms and facilities;

(h) provide adequate directional and informational signage throughout Sunset Place;

(i) provide disabled access, including an accessible route of travel, to the stage at the concert areas at the Grotto Stage, the Fountain Plaza Stage, and the Balcony Stage;

(j) provide curb ramps on the roadways throughout the complex to permit movement across Sunset Place;

(k) provide ramps with appropriate slopes and handrails;

(l) provide curb ramps so that they will not be blocked by parked cars;

(m) provide text telephones;

(n) provide the required number of forward approach telephones throughout the shopping center;

(o) provide elevators with the appropriate door signal timing and audible annuciators;

(p) modify restrooms for accessibility, including, failing to:
    (i) install self closing doors on accessible stalls with proper latch side clearance;
    (ii) install appropriate configured toilet stalls;
    (iii) install appropriate configured grab bars in toilet stalls;
    (iv) install toilet paper dispenser directly below the grab bar; and

4

*Access Now, Inc., et al. v.*
*Comras Co. of Florida, et al.*

  (v) install hand driers which do not protrude more than 4 inches into the path of travel;

  (vi) insulate hot water supply lines on the lavatory sinks and the lavatory drain;

  (vii) provide baby changing stations within the proper reach ranges and with proper knee clearances;

  (viii) provide toilet seat cover dispensers within the proper reach ranges;

  (ix) provide a button for flushing the toilet of the proper size;

18. Other violations of the ADA are believed to exist at Sunset Place, which may be identified at the time that a full inspection is made. The barriers described above deny persons with disabilities equal access to Sunset Place. The Plaintiffs have otherwise been discriminated against by Simon, Comras and Bakery because of the ADA violations set forth *supra*.

19. Plaintiffs have been obligated to retain the undersigned counsel for the filing and prosecution of this action, and have agreed to pay their counsel reasonable attorney fees, including costs and expenses incurred in this action. Plaintiffs are entitled to recover those attorney fees, expert fees, costs and expenses incurred in this case from the Defendants, pursuant to 42 U.S.C. § 12205.

20. This Court is vested with the authority to grant Plaintiffs injunctive relief including an order to alter the subject facilities to make them readily accessible to, and usable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the required modifications are completed.

**WHEREFORE**, Plaintiffs demand judgment against Simon, Comras, and Bakery and request that this Court:

A. Accept jurisdiction of this case and declare that policies, procedures and services at Sunset Place are discriminatory and are not in compliance with the ADA;

B. Enter an Injunction requiring Simon, Comras, and Bakery to alter the facilities at Sunset Place expeditiously and make them accessible to and usable by individuals with disabilities by making all reasonable and appropriate modifications in their policies practices and procedures,

*Access Now, Inc., et al. v.*
*Comras Co. of Florida, et al.*

provide effective signage, remove all architectural and communication barriers, and provide alternative means of access to the extent required by the ADA;

C. Enter as part of that Injunction a provision directing Simon, Comras, and Bakery to neutralize their policies, practices, and procedures toward persons with disabilities for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures;

D. Enter an Order awarding reasonable attorney fees, expert fees, costs, and expenses to the Plaintiffs; and,

E. Enter an Order awarding such other and further relief as the Court deems necessary, just and proper;

F. Retain jurisdiction of this case until Defendants have fully complied with the orders of this Court.

STEPHEN M. CODY, ESQ.
Attorneys for the Plaintiffs
16610 SW 82nd Court
Miami, Florida 33157-3604
Tel. (305) 233-8073
Fax. (305) 251-6874

_____
Florida Bar No. 334685

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to Glenn Rissman, Esq., Stearns Weaver Miller, 200 E Broward Blvd., Suite 1900, Ft Lauderdale FL 33301-1949 this March 13, 2000.

_____