NIGHT BOX FILED

SEP 27 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)

CASE NO. 99-2862-CIV-SEITZ / GARBER

ACCESS NOW, INC., a Florida not-for-profit
corporation, and EDWARD S. RESNICK,
an individual,

        Plaintiffs,

vs.

THE COMRAS COMPANY OF FLORIDA,
INC., a Florida corporation, and SIMON
PROPERTY GROUP, INC., a Delaware
corporation, and BAKERY ASSOCIATES,
LTD., a Florida limited partnership,

        Defendants.
_____/

## JOINT PRETRIAL STIPULATION

**I.   STATEMENT OF THE CASE**

   **A.**   **Plaintiffs**

This action is brought by the Plaintiffs to enforce Title III of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq.* The Shops at Sunset Place ("Sunset Place"), a public accommodation located at 5701 Sunset Drive in South Miami, Florida, is operating in violation of the ADA. Sunset Place is a multi-building facility constructed after January 26, 1992 which is owned and operated by Defendants. Plaintiffs allege that they were subjected to discrimination under the ADA by Defendants denying them access to, and fully and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the facilities at Sunset Place, as prohibited by 42 U.S.C. § 12131 et seq.; 42 U.S.C. § 12182 et seq., by failing to remove

#28
HA

architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv), by failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible as required by 42 U.S.C.§ 12183(a)(2), and by failing to design and construct facilities that are readily accessible to and usable by individuals with disabilities as required by 42 U.S.C. § 12183(a)(1). The violations of the ADA include, but are not limited to the failure to provide properly configured ramps from the parking garage to accessible entrances into Sunset Place; the failure to disperse the accessible parking throughout the parking garage located at Sunset Place; the failure to provide accessible paths of travel throughout the parking garage; the failure to provide appropriately configured accessible parking spaces; the failure to provide properly configured access aisles in the parking garage; the failure to provide properly configured signage at non-assessable entrances; the failure to provide properly configured signage where there are inaccessible routes indicating the location of accessible interior routes, toilet rooms and facilities; the failure to provide adequate directional and informational signage throughout Sunset Place; the failure to provide disabled access, including an accessible route of travel, to the stage at the concert areas; the failure to provide curb ramps on the roadways throughout the complex to permit movement across Sunset Place; the failure to provide ramps with appropriate slopes and handrails; the failure to provide curb ramps so that they will not be blocked by parked cars; the failure to provide text telephones; the failure to provide the required number of forward approach telephones throughout the shopping center; the failure to provide elevators with the appropriate door signal timing and audible annunciators; and the failure to modify restrooms for accessibility, all in violation of the requirements of the ADA and the Americans with Disabilities Act Accessibility Guidelines 28 CFR Part 36, Appendix A. Plaintiffs seek a declaration that the policies, procedures and services at Sunset Place

are discriminatory and are not in compliance with the ADA and the entry of an injunction requiring Defendants to alter the facilities at Sunset Place expeditiously and make them accessible to and usable by individuals with disabilities by making all reasonable and appropriate modifications in their policies, practices, and procedures, provide effective signage, remove all architectural and communication barriers, and provide alternative means of access to the extent required by the ADA, an award of attorneys fees and costs, including expert witness fees, and such other and further relief as the Court deems necessary, just and proper.

### B. Defendants

Plaintiffs filed the action alleging violation of Title III of the Americans with Disabilities Act (Title III or ADA) in connection with the Shops at Sunset Place. Plaintiffs seek injunctive and declaratory relief, but no damages.

Plaintiffs allege that the Defendants discriminated against them on the basis of disability by denying them access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations. Plaintiffs contend that the Shops at Sunset Place contain architectural barriers to access. Among other things, Plaintiffs allege that the Shops at Sunset Place lacks accessible parking, accessible routes of travel, and accessible restrooms.

The Shops of Sunset Place (the Shops) was constructed beginning in September 1996 on the site previously occupied by the Bakery Center. The Shops consists of three levels of stores, restaurants, and entertainment facilities. Adjacent to the Shops is a multi-story parking garage. The central portion of the parking garage, up to and including level 5, previously existed as part of the Bakery Center parking garage. The northern and southern bays of the garage as well as levels six through eight were newly constructed as part of the Shops construction. Because of the permitting

and construction dates, the Shops were designed and built according to the January 1994 edition of the Florida Accessibility Code for Building Construction. (The current edition of the Florida Accessibility Code was not issued until October 1997.)

At the time of construction, the existing portion of the garage contained ten parking spaces for individuals with disabilities. Such parking spaces complied with the applicable accessibility standard at the time they were constructed. Defendants, through their architects Wolfberg Alvarez and Partners, contacted the State of Florida Board of Building Codes and Standards in September 1995 regarding the existing parking spaces. The State advised Wolfberg Alvarez that it was not necessary to increase the vertical or horizontal clearance of the existing parking spaces. As such, it was determined that the existing parking spaces should be left "as is" but could count toward the required number of accessible parking spaces. Increasing the horizontal or vertical clearance of the existing spaces would have been technically infeasible. When designed and constructed, the garage, in total, contained twenty seven (27) parking spaces designated for individuals with disabilities. The garage should have contained twenty eight (28) accessible parking spaces based upon the total number of parking spaces offered.

Because the Shops were constructed adjacent to the existing parking garage, the levels between the Shops and the garage are different heights on certain floors. Accordingly, ramps were constructed at the garage levels three and four to provide access from the garage to levels two and three of the Shops.

The vast majority of Plaintiffs' other complaints are minor departures from the ADA Accessibility Guidelines caused by the contractor's failure to build according to the architectural

designs. The ADA Accessibility Guidelines provide for conventional building industry tolerances for field conditions. ADAAG, § 3.2. The Shops are accessible to most individuals with disabilities.

## II.   PLEADINGS RAISING THE ISSUES

   1.   Amended Complaint                              March 21, 2000

   2.   Defendants' Answer and Affirmative Defenses    March 27, 2000

## III.  UNDISPOSED OF MOTIONS

No motions are pending before the Court.

## IV.   UNCONTESTED FACTS

   1.   Public areas of the Shops at Sunset Place are places of public accommodation subject to the terms of Title III of the ADA.

   2.   Adjacent to the Shops is a multi-story parking garage, a portion of which existed prior to the construction of the Shops in 1996.

   3.   The parking garage contains 1760 total parking spaces and 27 parking spaces designated for persons with disabilities at the time this case was commenced.

## V.    CONTESTED ISSUES OF FACT

   1.   Did Defendants deny Plaintiffs equal accommodation in goods, services, facilities, privileges, or advantages because of disability?

   2.   Do barriers to access exist at the Shops at Sunset Place?

   3.   Are the requested barrier removals technically feasible?

   4.   Assuming the barrier removals are technically feasible, what period of time is reasonable for Defendants to remove the barriers to access?

## VI. UNCONTESTED ISSUES OF LAW

1. The public areas of the Shops at Sunset Place are places of public accommodation subject to the terms of Title III of the ADA.

2. Title III makes it unlawful to discriminate against an individual on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a).

3. Title III of the ADA requires public accommodations certified for first occupancy after January 26, 1993, to be designed and constructed so that they are readily accessible and usable by individuals with disabilities. 42 U.S.C. § 12183(a); 28 C.F.R. § 36.401(a).

4. Full compliance with the requirements of Title III of the ADA is not required where an entity can demonstrate that it is structurally impracticable to meet the requirements. 28 C.F.R. § 36.401(c).

5. All dimensions specified in the ADA Accessibility Guidelines are subject to conventional building industry tolerances for field conditions. ADAAG § 3.2.

6. Plaintiffs bear the burden of proving the existence of an architectural barrier to access. Pascuiti v. New York Yankees, 1999 WL 1102748, 10 A.D. Cases (BNA) 1376 (S.D.N.Y. 1999).

7. The ADA provides for no damages.

## VII. ISSUES OF LAW FOR DETERMINATION BY THE COURT

1. Did Defendants discriminate against Plaintiffs on the basis of disability by failing to afford goods, services, facilities, privileges, advantages, or accommodations to them?

2. Do architectural barriers to access exist at the Shops at Sunset Place, and if so, what are the barriers to access?

3. Are the requested barrier removals technically feasible?

4. Assuming the barrier removals are technically feasible, what period of time is reasonable for Defendants to remove the barriers to access?

5. Are Plaintiffs entitled to injunctive relief?

6. Do Plaintiffs have standing with respect to barriers to access unrelated to their disability?

## VIII. JOINT STATEMENT ON LEGAL ELEMENTS OF PLAINTIFF'S CLAIM

1. Title III of the ADA requires public accommodations certified for first occupancy after January 26, 1993, to be designed and constructed so that they are readily accessible and usable by individuals with disabilities. 28 C.F.R. § 36.401(a).

2. Plaintiffs bear the burden of proving the existence of an architectural barrier to access. Pascuiti v. New York Yankees, 1999 WL 1102748, 10 A.D. Cases (BNA) 1376 (S.D.N.Y. 1999).

3. Plaintiffs bear the burden of proving that they suffered a real injury as a result of the alleged architectural barriers to access and that there is a real or immediate threat that they will be wronged again. Parr v. L & L Drive-Inn Restaurant, 96 F. Supp.2d 1065, 1077-79 (D. Hawaii 2000).

## IX. JOINT STATEMENT OF LEGAL ELEMENTS OF DEFENSES

1. A failure to design and construct facilities for first occupancy after January 29, 1993, that are not readily accessible to and usable by individuals with disabilities is not unlawful discrimination where it is structurally impracticable to meet the requirements of Title III. 42 U.S.C. § 12183(a).

2. All dimensions specified in the ADA Accessibility Guidelines are subject to conventional building industry tolerances for field conditions. ADAAG § 3.2.

3. The Shops at Sunset Place is usable by individuals with disabilities.

## X. EXHIBIT LIST

The parties' exhibit lists are attached hereto as Attachments A and B.

## X. WITNESS LIST

The parties' witness lists are attached hereto as Attachments C and D.

## XI. ESTIMATED TRIAL TIME

The parties estimate that the trial of this case will require two (2) days.

No right to jury trial exists under Title III of the ADA.

## XII. ATTORNEY'S FEES ESTIMATE

If Plaintiffs are the prevailing party in this case they will seek attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

The parties seek to have the issue of attorneys' fees determined by evidentiary hearing, if necessary.

Plaintiffs estimate the maximum allowable amount of Plaintiffs' attorneys' fees, exclusive of costs, at $50,00, assuming a two day trial.

STEPHEN M. CODY, ESQ.
Florida Bar No. 334685
16610 S.W. 82nd Court
Miami, Florida 33157-3604
Telephone: (305) 233-8073
Facsimile: (305) 251-6874 5713

ATTORNEY FOR PLAINTIFFS

DATED: 9/28/00

GLENN M. RISSMAN, ESQ.
Florida Bar No. 899526
E-Mail: grissman@swmwas.com
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
200 East Broward Blvd., Suite 1900
Ft. Lauderdale, Florida 33301
Telephone: (954) 462-9500
Facsimile: (954) 462-9567

ATTORNEYS FOR DEFENDANTS

I:\W-LIT\J5265\001\99-2862\Pretrial Stip

-9-